UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAMI NUTRACEUTICALS, LLC,
a Florida limited liability company,

          Plaintiff,

v.                                  Case No.: 8:16-cv-00517-T-36JSS

NATIONAL MERCHANT CENTER,
a California corporation, and
WELLS FARGO, N.A.,
a California corporation,

          Defendants.
_____/

**AMENDED COMPLAINT FOR
DAMAGES, ACCOUNTING, AND DECLARATORY RELIEF**

      Plaintiff, Mami Nutraceuticals, LLC, sues Defendants, National Merchant Center and Wells Fargo, N.A., for damages, accounting, and declaratory. In support, Plaintiff alleges the following:

**INTRODUCTORY STATEMENT**

      1.    Plaintiff sold nutritional products over the Internet. National Merchant Center (the "Processor") is a registered independent sales organization ("ISO") and agent of Wells Fargo ("Bank"). Processor and Bank contracted with Plaintiff and agreed to provide accounts through which to process credit card transactions for Plaintiff's online sales.

      2.    In direct breach of their contractual and fiduciary obligations, however, Defendants abruptly and without reasonable notice or explanation froze and ultimately terminated Plaintiff's accounts. Defendants now refuse to provide any reason for their actions. Yet they continue to improperly withhold over $500,000 despite Plaintiff's repeated demands that they release those funds. Consequently, Plaintiff was forced to suspend operations, lay off employees, and ultimately close down its business.

3. In this action, Plaintiff seeks an accounting and declaration of its rights under the merchant processing agreement. Plaintiff also seeks damages caused by Defendants' several breaches of their contractual, common law, and statutory duties.

## PARTIES, JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

4. Plaintiff is a Florida limited liability company with a principal place of business in Manatee County, Florida. Each member of Plaintiff is an individual who exclusively resides in and is a citizen of Florida.

5. Processor is a California corporation with a principal place of business in California. Processor has purposely engaged in business in Florida, including with Plaintiff.

6. Bank is a California corporation and national bank that is a citizen of California and South Dakota. Bank has purposely engaged in business in Florida, including with Plaintiff, and maintains offices in Florida.

7. This Court has jurisdiction as the amount in controversy is in excess of $75,000 and there is complete diversity pursuant to §1332(a).

8. Venue is proper in this Court because the causes of action accrued in Manatee County.

9. All conditions precedent to this action have been performed, waived, or otherwise satisfied.

## FACTUAL ALLEGATIONS

### *Plaintiff's Business and the Merchant Processing Relationship*

10. Until Defendants put it out of business, Plaintiff ran an e-commerce business that marketed and sold nutritional products online. Plaintiff marketed and sold its products legally and responsibly as evidenced by its low chargeback and refund rates.

11. In order to operate its business, Plaintiff, like any other business that offers products for sale online, relied on a merchant processing bank to facilitate credit card transactions online.

12. Financial institutions, such as the Bank here, provide merchants like Plaintiff such transactional capacity pursuant to a merchant processing agreement. Those financial institutions are generally referred to as acquirers or acquiring banks.

13. As is custom in the industry, acquiring banks often subcontract out the recruitment and acquisition of merchants to independent sales organizations (ISO), such as Processor. These ISOs act as agents for the acquiring banks and have the authority to sign up merchant accounts and bind the acquiring banks and the merchants to the tri-party merchant processing agreement.

14. Traditionally, the financial industry intentionally drafts merchant processing agreements that are equal parts ambiguous and one-sided, providing the acquirer and its agents uneven leverage to act arbitrarily, close accounts at will, and exercise improper dominion over merchant reserve accounts for significant periods of time after closure.

15. Generally speaking, online merchant processing is considered riskier than brick-and-mortar merchant processing primarily due to the fact that the customer and card are not physically present at checkout, thereby increasing exposure to fraudulent transactions and baseless chargeback and refund claims.

16. The nature of the online transaction therefore naturally increases the average chargeback and refund rates for online merchants relative to their brick-and-mortar counterparts.

17. As a result of the higher risk associated with online transactions, acquirers and ISOs require merchants to pay a higher premium and allow the acquirer and/or its ISO to withhold a certain percentage of gross sales as a "reserve." The reserve is intended to protect against

chargebacks and refunds, which the Bank is ultimately responsible for if the merchant becomes insolvent.

18.     In practice, however, acquirers and their ISO oft times abuse their discretion and improperly withhold excess reserves for unnecessarily long periods of time, causing significant harm to the merchants, as is the case here.

### *Defendants Breach the Agreement and Fiduciary Duties*

19.     On October 19, 2012, Plaintiff entered into a merchant processing agreement (the "Agreement") with Defendants, a copy of which is attached as Exhibit A.

20.     Defendants also assumed fiduciary duties to Plaintiff, including the duties to provide timely information and properly manage, account for, and distribute Plaintiff's processing revenue.

21.     Moreover, under the Agreement, Defendants were obligated to provide continued, uninterrupted processing services to Plaintiff, knowing full well that any cessation could be catastrophic to Plaintiff's business.

22.     Though Plaintiff processed without incident during a period of time where its chargeback and refund rates were squarely within acceptable ranges, Defendants – without notice or explanation – breached the Agreement by, among other things, freezing and then ultimately terminating Plaintiff's processing accounts.

23.     Plaintiff made several demands on Defendants to provide an explanation for the freeze and termination, but Defendants equivocated.

24.     Plaintiff made several demands for an accounting in order to determine the amount of money being held in Plaintiff's accounts or in reserve. Defendants refused.

25. Finally, after Defendants' absolute refusal to provide Plaintiff with information regarding its accountss and reserves, Plaintiff declared Defendants in breach and made several demands for return of its property, including serving Defendants with a civil theft demand pursuant to Florida Statute section 772.11. Consistent with their pattern of misconduct, Defendants once again refused and did not comply with the civil theft demand within 30 days of service.

### *Defendants Have Destroyed Plaintiff's Business*

26. Defendants intentionally put Plaintiff – a small, vulnerable merchant – in the dark, cutting off its processing capability without any concrete explanation for doing so.

27. As a result of the freeze and ultimate termination of the accounts, Defendant lost significant revenue, forcing it to lay off almost its entire staff and ultimately shut down operations.

28. As a result of Defendants' refusal to account for or release Plaintiff's money (in whole or in part), Plaintiff was incapable of meeting payroll, purchasing media to advertise its products, or otherwise meeting its obligations to other vendors to which it is obligated.

29. Ultimately, Defendants' continuing breaches of their contractual and fiduciary duties directly destroyed Defendants' business.

### **COUNT I – BREACH OF CONTRACT**

30. Plaintiff re-alleges and re-asserts the allegations set forth in paragraphs 1-29 as if fully set forth herein.

30. Plaintiff entered into the Agreement with Defendants and performed its obligations.

31. Defendants breached the Agreement by, among other things: failing to provide the services as set forth in the Agreement; freezing and terminating Plaintiff's account; failing to

provide material information to Plaintiff, including account balances and reasons for their actions; and, refusing to release Plaintiff's money being held in its accounts and reserves.

32.     As a direct and proximate cause of Defendants' myriad breaches of the Agreement, Plaintiff has suffered significant and continuing damages.

WHEREFORE, Plaintiff requests this Court to enter judgment against Defendants, jointly and severally, awarding damages to Plaintiff, together with such other relief this Court deems just and proper.

## COUNT II – BREACH OF FIDUCIARY DUTY

33.     Plaintiff re-alleges and re-asserts the allegations set forth in paragraphs 1-29 as if fully set forth herein.

34.     Due to their relationship with Plaintiff and Plaintiff's dependence on them, Defendants owed Plaintiff fiduciary duties as Plaintiff invested in Defendants, and Defendants accepted, Plaintiff's trust.

35.     Defendants breached their fiduciary duties, causing damage to Plaintiff, by, among other things, failing to properly account for Plaintiff's moneys; failing to provide Plaintiff timely information regarding its account, including the bases for the freeze and termination of its account; and, failing to properly administer, preserve, and distribute Plaintiff's moneys.

WHEREFORE, Plaintiff requests this Court to enter judgment against Defendants, jointly and severally, awarding damages to Plaintiff, together with such other relief this Court deems just and proper.

## COUNT III – DECLARATORY JUDGMENT AND EQUITABLE ACCOUNTING

36.     Plaintiff re-alleges and re-asserts the allegations set forth in paragraphs 1-29 as if fully set forth herein.

37. Under the facts alleged herein, there is a substantial controversy, between the parties, which have adverse legal interests, regarding the right to the reserve moneys. This dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

38. Defendants absolute refusal to communicate any basis for their action and inaction or otherwise advice Plaintiff of its rights to its own property require this Court to issue a declaration of those rights.

39. The relationship between the parties involved extensive and complicated accounts to which Defendants repeatedly denied Plaintiff access.

40. It is unclear that the remedy available at law is as full, adequate, and expeditious as it is in equity.

WHEREFORE, Plaintiff requests this Court to enter judgment declaring the parties rights under the Agreement, including Plaintiff's right to immediate release of its reserve funds, in addition to ordering a full accounting of Plaintiff's account with Defendants, including balances, debits, credits, chargebacks and refunds, together with such other relief this Court deems just and proper.

### COUNT IV – CONVERSION

41. Plaintiff re-alleges and re-asserts the allegations set forth in paragraphs 1-29 as if fully set forth herein.

42. Defendants committed several wrongful acts, including but not limited to, failing to provide Plaintiff access to its account; failing to properly account for Plaintiff's property; refusing to provide Plaintiff information regarding its account; and, failing to distribute to Plaintiff its property.

43. Defendants' wrongful acts have, either permanently or indefinitely, caused damage to Plaintiff by depriving it of its property.

WHEREFORE, Plaintiff requests this Court to enter judgment against Defendants, jointly and severally, awarding damages to Plaintiff, together with such other relief this Court deems just and proper.

## COUNT V – CIVIL THEFT

44.	Plaintiff re-alleges and re-asserts the allegations set forth in paragraphs 1-29 as if fully set forth herein.

45.	Defendants unjustifiable and arbitrary refusal to release to Plaintiff the reserve funds and Defendants ultimate conversion of that property constitutes theft under Florida law, including Florida Statute section 812.019.

46.	In 2013, Plaintiff served Defendants with a civil theft demand pursuant to Florida Statute section 772.11, wherein Plaintiff demanded that Defendants remit within 30 days the treble damage amount. Defendants failed to comply with the demand, causing damage to Plaintiff.

WHEREFORE, Plaintiff requests this Court to enter judgment against Defendants, jointly and severally, awarding statutory treble damages to Plaintiff, attorneys' fees and costs, and such other relief this Court deems just and proper.

Respectfully submitted,

**Kaplan Young & Moll Parrón**
*Attorneys for Plaintiff*
600 Brickell Avenue
Suite 1715
Miami, Florida 33131
P/ (305) 531-2424
F/ (305) 531-2405
E/ dyoung@kymplaw.com

BY: _s:/Derek R. Young_____
        DEREK R. YOUNG
        FBN: 45227