POLSINELLI PC
JOHN W. PETERSON (SBN: 179343)
john.peterson@polsinelli.com
401 Commerce Street, Suite 900
Nashville, TN 37219
Telephone:   (615) 259-1510
Facsimile:    (615) 259-1573

Attorney for Defendant
WELLS FARGO BANK, N.A.

ALPERT LAW GROUP, APC
JEFFREY ALPERT (SBN: 165997)
jeff@alpertlawgroup.com
16133 Ventura Boulevard, Suite 1180
Encino, California 91436
Telephone:      (818) 285-5370
Facsimile:       (818) 285-5371

Attorney for Defendant
NATIONAL MERCHANT CENTER, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MAMI NUTRACEUTICALS, LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>NATIONAL MERCHANT CENTER,<br>INC., et al.,<br><br>              Defendants. | Case No. 8:16-cv-01308-JVS-JCG<br><br>**DEFENDANTS WELLS FARGO BANK, N.A. AND NATIONAL MERCHANT CENTER, INC.'S REPLY  IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:          June 5, 2017<br>Time:         10:30 a.m.<br>Judge:        Hon. James V. Selna |

1

# TABLE OF CONTENTS

2

**Page**

3    I.      INTRODUCTION ................................................................................ 1

4    II.     REPLY ............................................................................................... 2

5            A.    California Law Applies to All of Plaintiff's Claims. .................... 2

6            B.    Plaintiff Fails State a Colorable Claim for Declaratory
                   Judgment or for Equitable Accounting. ......................................... 4

7
                   1.    Neither the Agreement Nor Any of Its Provisions
8                        Are Unconscionable. .......................................................... 5

9                  2.    There is Nothing Improper About Dismissing a
                         Claim for Declaratory Judgment at the Rule 12
10                       Stage. .................................................................................. 8

11           C.    Plaintiff Fails to State a Colorable Claim for Breach of
                   Contract. .......................................................................................... 8
12
             D.    Plaintiff Fails to State a Colorable Claim for Breach of
13                 the Implied Covenant of Good Faith and Fair Dealing. ............... 10

14           E.    Plaintiff Fails to State a Colorable Claim for Unfair
                   Competition. ................................................................................. 11
15
             F.    Plaintiff Fails to State a Colorable Claim for Recovery
16                 of Funds It Claims Are "Void Liquidated Damages"
                   (Cal. Civ. Code § 1671). ............................................................. 12
17
             G.    Plaintiff Fails to State a Colorable Claim for Conversion
18                 and/or Civil Theft. ....................................................................... 12

19   III.    CONCLUSION ................................................................................ 13

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*24 Hour Fitness, Inc. v. Superior Court*,
   66 Cal. App. 4th 1199 (1998), 78 Cal. Rptr. 2d 533.................................................6, 7

*Ashcroft v. Iqbal*,
   556 U.S. 662, 173 L.Ed.2d 868, 129 S.Ct. 1937 (2009)......................................8

*Baxter v. King*,
   81 Cal. App. 192, 253 P. 172 (Cal. Ct. App. 1927)...................................12

*Bell Atlantic v. Twombly*,
   550 U.S. 544, 545, 167 L.Ed.2d 929, 127 S.Ct. 1955 (2007) ………………………..4

*Farmers Ins. Exchange v. Zerin*,
   53 Cal. App. 4th 445, 61 Cal. Rptr. 2d 707 (Cal. Ct. App. 1997) ..........................12

*Free Range Content, Inc. v. Google Inc.*,
   No. 14-CV-02329-BLF, 2016 WL 2902332 (N.D. Cal. May 13, 2016) ................................7

*Integrated Storage Consulting Servs., Inc. v. NetApp, Inc.*,
   No. 5:12-CV-06209-EJD, 2013 WL 3974537 (N.D. Cal. July 31, 2013) ................................9

*Morris v. Redwood Empire Bancorp.*,
   128 Cal. App. 4th 1305, 27 Cal. Rptr. 3d 797 (2005)....................................4, 5, 6, 7

*Nedlloyd Lines B.V. v. Superior Court*,
   834 P.2d 1148, 3 Cal. 4th 459, 11 Cal. Rptr. 2d 330 (1992) ...........................2, 3

*Reichert v. Gen. Ins. Co. of Am.*,
   442 P.2d 377, 68 Cal. 2d 822, 69 Cal. Rptr. 321 (Cal. 1968)..............................8

*Shannon-Vail Five Inc. v. Bunch*,
   270 F.3d 1207 (9th Cir. 2001) .............................................2, 3

*Stirlen v. Supercuts, Inc.*,
   51 Cal. App. 4th 1519, 60 Cal. Rptr. 2d 138 (1997), *as modified* (Feb. 10,
   1997) ..........................................................................6

*Vu v. California Commerce Club, Inc.*,
   68 Cal. Rptr. 2d 31, 8 Cal. App. 4th 229 (1997)........................................11

*West v. Henderson*,
   227 Cal. App. 3d 1578, 278 Cal. Rptr. 570 (1991).....................................5

*Woodside Homes of Cal., Inc. v. Superior Court*,
   107 Cal. App. 4th 723, 132 Cal. Rptr. 2d 35 (2003)....................................6

-ii-

**Statutes**

Cal. Civ. Code § 1671 ....................................................................................................11

California Business & Professions Code § 17200 ..........................................................10

Civil Code Section 1670.5 ................................................................................................4

Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and National Merchant Center, Inc. ("NMC") (collectively, "Defendants") hereby file this reply in support of their Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 82) (together with the Memorandum in Support of Defendants' Motion to Dismiss (Doc. No 82-2), the "Motion"), respectfully showing the Court as follows:

## I.   INTRODUCTION

Defendants' Motion should be granted because under California law: (a) Plaintiff fails to state a claim for declaratory relief or equitable accounting; (b) Plaintiff fails to state a claim for breach of contract; (c) Plaintiff fails to state a claim for breach of implied covenant of good faith and fair dealing; (d) Plaintiff fails to state a claim for unfair competition; (e) Plaintiff fails to state a claim to find a liquidated damages clause void; (f) Plaintiff fails to state a claim for conversion and/or civil theft; and (g) Plaintiff failed, yet again, to file a timely opposition to Defendants' Motion.

Plaintiff has again ignored an Order of this Court and submitted yet another late filing.[1] Plaintiff's opposition brief was due on May 15, 2017. Plaintiff filed its Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 91) ("Opposition") on May 16, 2017. While some ten (10) hours' delay under normal circumstances might not warrant a harsh response from a party or the Court, this case is different. Plaintiff's late filing is yet another act by Plaintiff in total disregard for this Court's Orders or Rules. At some point, enough is enough.[2]

---

[1] The Court could deem Plaintiff's late filing as consent to the granting of Defendants' Motion to Dismiss (L.R. 7-12) or impose other sanctions (L.R. 7-13).

[2] Plaintiff's failure to comply with the previous deadlines set by the Court and the Local Rules has been substantially briefed and noted by the Court. Plaintiff's recent Opposition also fails to comply with this Court's rules in numerous ways. For example, the font is too small (L.R. 11-3-1.1) and the brief lacks a table of contents and a table of authorities (L.R. 11-8). The Court is permitted to sanction Plaintiff for any one of these violations. (L.R. 11-9). Plaintiff continues to demonstrate a pattern of total disregard for this Court's Rules.

Regardless, Plaintiff's Opposition fails to overcome Defendants' Motion. Plaintiff makes half-hearted arguments with regard to some of the issues raised in the Motion, and no argument at all with regard to others. Indeed, Plaintiff's Opposition is further demonstration why this Motion should be granted.

Plaintiff's Opposition fails to identify the factual bases for the claims asserted in its Second Amended Complaint. Nor has Plaintiff alleged how it was damaged as a result of any purported conduct on the part of Defendants. Plaintiff also fails to cite specific provisions of the agreement at issue.

Instead, in its Opposition, Plaintiff continues to do nothing more than assert conclusory statements in hopes the Court will overlook that there are no facts pled to support Plaintiff's claims.

This is Plaintiff's *Second* Amended Complaint. Plaintiff has now had multiple opportunities to state a claim against Defendants and has repeatedly failed to do so. At this point, the only just resolution is dismissal of Plaintiff's Second Amended Complaint with prejudice.

## II.     REPLY

### A.     California Law Applies to All of Plaintiff's Claims.

Defendants have already set forth in the Motion that all potential claims are governed by a controlling choice-of-law provision. (Mot. at 4.) Conspicuously absent from Plaintiff's Opposition is any mention of this provision or any analysis as to why it is not controlling as to *all* of Plaintiff's claims. Nor does Plaintiff make any effort to distinguish this case from *Nedlloyd Lines B.V. v. Superior Court*, 834 P.2d 1148, 1153, 3 Cal. 4th 459, 468, 11 Cal. Rptr. 2d 330, 335 (1992). Instead, Plaintiff boldly asserts that because the alleged conversion purportedly took place in Florida, Florida law must somehow govern that claim. Plaintiff is mistaken.

The sole case Plaintiff cites in support of its argument is both distinguishable and inapposite. Plaintiff incorrectly claims the court in *Shannon-Vail Five Inc. v. Bunch*, 270 F.3d 1207 (9th Cir. 2001) "addressed this exact issue". (Opp'n at 5.)

-2-

1   To the contrary, *Shannon-Vail Five Inc.* did not involve a choice-of-law provision
2   in the contracts at issue. The plaintiffs in that case were three California
3   corporations owned by Thomas Dobron, a real estate developer who resided in
4   Nevada. *Shannon-Vail Five Inc.*, 270 F.3d at 1209. The plaintiff corporations
5   entered into six loan agreements with the defendants. *Id.* Mr. Dobron executed
6   personal guarantees for each of the loans, which contained choice-of-law
7   provisions. *Id.* However, "[n]one of the promissory notes contained any choice-of-
8   law clauses," and "each note recited that the loan was to be repaid in Nevada." *Id.*
9   The plaintiffs mistakenly overpaid on one of the loans, and the defendants refused
10  to return the overage. *Id.* The plaintiffs filed suit in California state court alleging
11  usury claims for all six loans, as well as a conversion claim for the overpayment.
12  *Id.* **Mr. Dobron was not a party to the lawsuit.** *See id. generally*. Nor was his
13  personal guarantee at issue. *Id.* The court therefore determined which state's law
14  applied under traditional choice-of-law principles. *Id.* at 1210.

15          Here, however, the Agreement at issue *does* contain a choice-of-law
16  provision, which expressly provides:

17          Our Agreement shall be governed by and construed in accordance
18          with the laws of the State of California (***without regard to its choice***
19          ***of law provisions***).

20  (Agreement, Mot. Ex. B §31.1 (emphasis added)).

21          Plaintiff makes no effort to address this clause. Moreover, Plaintiff's
22  analysis regarding California's conflict-of-laws approach is irrelevant, as the
23  Agreement expressly states California's choice-of-law provisions do not apply. *Id.*
24  Plaintiff also ignores *Nedlloyd Lines B.V.*, which expressly held a broad choice-of-
25  law provision applied not only to disputes involving the contract itself but also to
26  those arising from the contractual relationship, including torts. 834 P.2d at 1154.

27          Plaintiff's arguments fail. California law governs all claims alleged in the
28  Second Amended Complaint.

## B.   Plaintiff Fails State a Colorable Claim for Declaratory Judgment or for Equitable Accounting.

Plaintiff's Opposition also fails to overcome the deficiencies in the Second Amended Complaint with regard to Plaintiff's declaratory judgment claim that certain provisions of the Agreement are unenforceable.[3] The Second Amended Complaint alleges as unenforceable the "default, exculpatory, limitation of liability, liquidated damages, early termination fee, an [sic] reserve account provisions." (SAC ¶ 51.) As set forth in Defendants' Motion, Plaintiff has pled no *facts* to support this claim. (Mot. Section III.B.)

Instead of identifying specific provisions it would like the Court to determine, Plaintiff repeatedly argues, without authority, it may ask the Court to declare judgment in its favor that certain provisions are not enforceable without even attaching the agreement at issue or at least quoting the language of the specific provisions it is asking to be declared unenforceable.  One can only assume Plaintiff is telling the Court it will eventually provide some details down the road. This is clearly insufficient.

Plaintiff still provides no notice of *which* provisions of the Agreement it claims Defendants breached that resulted in the purported damages it seeks to recover. The Second Amended Complaint is completely devoid of any allegations identifying what provisions of the Agreement Plaintiff claims are material to its claims against NMC and/or Wells Fargo and thus fails to give NMC and/or Wells Fargo proper notice. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 545, 167 L.Ed.2d 929, 127 S.Ct. 1955 (2007).

But as Defendants set forth in the Motion, regardless of which provisions Plaintiff eventually asserts are relevant, there can be no merit to this claim. (*See*

---

[3] Plaintiff does not even address its equitable accounting claim in the Opposition. Accordingly, Defendants' Motion with regard to this claim is unopposed.

58681923.5

*id.*)

1. *Neither the Agreement Nor Any of Its Provisions Are Unconscionable.*

The Second Amended Complaint has not pled facts sufficient to establish the Agreement, or any of its provisions, is unenforceable. Whether a contract is unconscionable under Civil Code Section 1670.5 is a question of law. *Morris v. Redwood Empire Bancorp.*, 128 Cal. App. 4th 1305, 1316, 27 Cal. Rptr. 3d 797, 804 (2005). Defendants' Motion analyzed in detail how and why the Agreement is not unconscionable under *Morris*. (Mot. at 6-9.) Unsurprisingly, Plaintiff completely ignores *Morris*, which is directly on point and *dispositive* of this issue.

The court in *Morris* analyzed a contract and provisions in the context of merchant processing applications similar to the one at issue in this action and found neither procedural nor substantive unconscionability.  Importantly, the court in *Morris* addressed many of the same arguments now presented by Plaintiff. For instance, Plaintiff claims it did not read the Agreement before signing it and was surprised when it learned of certain provisions. (Opp'n at 2.) The court in *Morris* rejected this excuse, holding:

> [T]he merchant agreement allowed Morris to accept credit card payments from his customers, and it is reasonable to expect even an unsophisticated businessman to carefully read, understand, and consider all the terms of an agreement affecting such a vital aspect of his business.

*Morris*, 128 Cal. App. 4th at 1322. As held the court in *West v. Henderson*, 227 Cal. App. 3d 1578, 1587, 278 Cal. Rptr. 570, 575 (1991), another case Plaintiff does not mention or attempt to distinguish:

> [L]oose business practices, such as failure to read, investigate, and negotiate a commercial contract, often impose significant and costly consequences. [Plaintiff] apparently saw no reason to protect her own

interests at the outset. We will not do so at this late stage. *Parties to commercial contracts fail to read them at their own peril.*

227 Cal. App. 3d at 1587 (emphasis added) (citing 3 Corbin, Contracts (1960) § 607 at 656).

Plaintiff also alleges generally that the Agreement is long, "in small print and double columns", and "written in technical and lawyerly prose" (SAC ¶¶ 28 & 29),[4] Plaintiff's allegations are directly contradicted by its acknowledgement, which Plaintiff does not dispute it signed (*see* SAC and Opp'n *generally*) and executed at the time Plaintiff executed the MPAA. The acknowledgement expressly confirms Plaintiff received and read the Program Guide and agreed to be bound by the terms of the MPAA and the Program Guide. As demonstrated by the Program Guide, the various provisions are located in differentiated sections with large and bold type. Such headings refute claims of surprise. *See, e.g., Morris*, 128 Cal. App. 4th at 1321 (finding that "length of a contract alone is does not establish surprise"); *Woodside Homes of Cal., Inc. v. Superior Court*, 107 Cal. App. 4th 723, 729, 132 Cal. Rptr. 2d 35, 40 (2003). The element of surprise is therefore lacking as a matter of law.

As to oppression, Plaintiff essentially argues Defendants forced Plaintiff to sign the Agreement. (Opp'n at 7.) But Plaintiff here, like the plaintiff in *Morris*, has not alleged it "could not have obtained merchant card services from another source on different terms." 128 Cal. App. 4th at 1320. Moreover, Plaintiff was not "under immediate pressure not to seek out alternative sources." *Id.* Any purported "force" Plaintiff faced in executing the MPAA was self-imposed. Under very similar facts, the court in *Morris* found "little oppression in the formation of the merchant agreement." *Id.* at 1321.

---

[4] Plaintiff also alleges the Agreement did not "align with the reasonable expectations of Plaintiff" (SAC ¶ 27) but makes no allegation as to what those "reasonable expectations" were.

1    Accordingly, the Second Amended Complaint does not present facts

2  sufficient to support a finding of procedural unconscionability.

3    Because there exists no procedural unconscionability, there must exist

4  overwhelming substantive unconscionability in the Agreement on terms that

5  "shock the conscience" or "impose harsh or oppressive terms." *24 Hour Fitness,*

6  *Inc. v. Superior Court*, 66 Cal. App. 4th 1199, 1213 (1998), 78 Cal. Rptr. 2d 533,

7  541; *Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519, 1532, 60 Cal. Rptr. 2d 138,

8  145 (1997), *as modified* (Feb. 10, 1997). Plaintiff complains about some of the

9  Agreement's terms, but its complaints fail to satisfy the high standard required to

10  establish substantive unconscionability. Nor does Plaintiff allege the terms are

11  "grossly out of line" with similar terms offered by other processing entities.

12  Plaintiff does not make a single allegation comparing the terms of the Agreement

13  to the terms of any other merchant processing agreement. *Morris*, 128 Cal. App.

14  4th at 1323. Moreover, Plaintiff does not allege the value conferred upon

15  Plaintiff—the ability to accept credit and debit cards for payment for products

16  provided by its on-line business—contrasts so sharply with any term of the

17  Agreement as to "shock the conscience." *24 Hour Fitness, Inc.*, 66 Cal. App. 4th at

18  1213. Plaintiff ignores that:

19       It is not the province of the courts to scrutinize all contracts with a

20       paternalistic attitude and summarily conclude that they are partially or

21       totally unenforceable because an aggrieved party believes that the

22       contract has subsequently proved to be unfair or less beneficial than

23       anticipated.

24  *Morris*, 128 Cal. App. 4th at 1325.

25    As a matter of law, the Second Amended Complaint fails to plead procedural

26  or substantive unconscionability. This claim must be dismissed.

27

28

2.    <u>There is Nothing Improper About Dismissing a Claim for</u>
      <u>Declaratory Judgment at the Rule 12 Stage.</u>

Plaintiff erroneously claims it would be improper for the Court to dispose of its declaratory judgment claim at the Rule 12 stage.[5] The gist of Plaintiff's argument is the Court should excuse Plaintiff's failure to plead facts sufficient to support this claim, and instead allow it to later "present evidence as to the commercial setting and realities of merchant processing agreements". (Opp'n at 9.) Plaintiff could have—and should have—included any such allegations in the Second Amended Complaint. What Plaintiff is asking the Court to do is ignore the basic rules of civil procedure and allow it to try and cure the deficiencies in its claims at a later date. Indeed, this has been Plaintiff's approach throughout this litigation. Plaintiff has already amended its complaint *twice* and *still* has not pled the facts about which it now asks the Court to permit it to "present evidence". The reason Plaintiff has not pled any facts to support its claims after multiple opportunities to do so is there are no such facts for Plaintiff to plead. The Court should not let this charade continue and instead should dismiss the Second Amended Complaint with prejudice.

**C.    Plaintiff Fails to State a Colorable Claim for Breach of Contract.**

It is undisputed to prove a breach of contract, a plaintiff must prove: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Reichert v. Gen. Ins. Co. of*

---

[5] In the case Plaintiff primarily relies upon to support this argument, the court found the plaintiffs had pled facts sufficient to survive a motion to dismiss, not that courts should never dismiss such claims. *Free Range Content, Inc. v. Google Inc.*, No. 14-CV-02329-BLF, 2016 WL 2902332, at *8 (N.D. Cal. May 13, 2016). Moreover, the court was evaluating a breach of contract claim, not a declaratory judgment claim. *Id.* As immediately evident, the plaintiff in *Free Range Content* pled significantly more facts in support of its declaratory judgment claim than did Plaintiff here.

*Am.*, 442 P.2d 377, 381, 68 Cal. 2d 822, 830, 69 Cal. Rptr. 321, 325 (Cal. 1968). It is undisputed there exists a valid contract (the Agreement) in this matter. However, Plaintiff has not asserted the facts sufficient to support the other three elements necessary to survive a motion to dismiss: Plaintiff's performance, Defendants' breach, or Plaintiff's damages allegedly resulting from Defendants' breach. Instead, Plaintiff asserts these elements in conclusory fashion. Nothing in Plaintiff's Opposition changes that.

In support of its argument, Plaintiff refers the Court to paragraphs 58, 59, and 60 of the Second Amended Complaint. Paragraph 58 states in conclusory fashion one of the required elements: Plaintiff "did all, or substantially all, of the significant things the Agreement required it to do or was excused from having to do those things." (SAC ¶ 58.) Similarly, paragraph 60 provides a laundry list of purported breaches, each without factual support containing nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 173 L.Ed.2d 868, 129 S.Ct. 1937, 1949 (2009).

Plaintiff does attempt to demonstrate how the Second Amended Complaint contains sufficient breach allegations by listing what it claims are Defendants' "breaches of specific provisions and duties set forth in the Agreement". (Opp'n at 10-11.) However, Defendants have already shown how each of these purported "breaches" fail to state a colorable claim. (*See* Mot. Section III.C at 10-12.) Plaintiff's Opposition adds nothing new. In fact, it does not even attempt to address the provisions Defendants cite establishing that such alleged conduct does not breach the Agreement. Nor does Plaintiff refute Defendants' position that the Second Amended Complaint fails to tie any of Plaintiff's purported damages to any alleged breach.  (*Id.*)

In sum, the Second Amended Complaint does not state a colorable claim for breach of contract, and that claim must be dismissed.

### D.   Plaintiff Fails to State a Colorable Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing.

With respect to its claim for breach of the implied covenant of good faith and fair dealing, Plaintiff entirely ignores well settled case law holding when a breach of contract claim and a claim for breach of the implied covenant of good faith and fair dealing assert the same breach, "the cause of action for breach of the implied covenant of good faith and fair dealing may be superfluous with the cause of action for breach of contract." *Integrated Storage Consulting Servs., Inc. v. NetApp, Inc.*, No. 5:12-CV-06209-EJD, 2013 WL 3974537, at \*7 (N.D. Cal. July 31, 2013) (citing *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 327 (2000) ("[W]here breach of an actual term is alleged, a separate implied covenant claim, based on the same breach is superfluous.")). "A claim alleging breach of the implied covenant of good faith and fair dealing cannot be 'based on the same breach as the contract claim.'" *Id.* (citation omitted).

Plaintiff confesses its claim for breach of the implied covenant of good faith and fair dealing adds nothing to its breach of contract claim. Plaintiff asserts the following alleged breaches of this implied covenant: Defendants "interfered with [Plaintiff's] right to receive the benefits of the Agreement"; Defendants "exercise[ed] discretion in an arbitrary and unfair manner"; Defendants "terminat[ed] the [A]greement without notice"; and Defendants "fail[ed] to undertake a good faith investigation prior to terminating the [A]greement." (Opp'n at 12.) Each of these purported breaches is simply another alleged breach of contract for which Plaintiff failed to plead sufficient factual support. Thus, the breach of covenant claim is entirely superfluous.

Because Plaintiff's claim for breach of the implied covenant of good faith and fair dealing lacks factual support in the Second Amended Complaint and is duplicative of the breach of contract claim, it must be dismissed.

### E.    Plaintiff Fails to State a Colorable Claim for Unfair Competition.

Unbelievably, Plaintiff asserts all the Court must do for Plaintiff's unfair competition claim to survive is find "relief is possible under *any set of facts*." (Opp'n at 13 (emphasis added).) Of course, Plaintiff cites no authority for this proposition. That is because there is none. Plaintiff also asserts its claim "can be based upon any unconscionability section of the California Civil Code". (*Id.*) This gives Defendants absolutely no notice of what Plaintiff is actually claiming. Such a position should highlight for the Court that the Second Amended Complaint itself contains no factual support for this cause of action.

Although the Second Amended Complaint fails to identify what statute or law Plaintiff relies upon for this claim, in its Opposition, Plaintiff apparently now commits to California Business & Professions Code § 17200. Plaintiff claims the language of § 17200 is such that "Plaintiff's [unfair competition claim] can be based upon any unconscionability section of the California Civil Code". With this, Plaintiff suggests its pleading burden is satisfied. Again, basing a claim upon "any" section of California law does not give Defendants adequate notice of the basis for Plaintiff's claim. In fact, there is no basis for it.

Plaintiff's secondary argument in support of this claim also fails. Plaintiff lists some of the same purported conduct it lists in its breach of contract and breach of the implied covenant of good faith and fair dealing claims, and then asserts the same conduct supports a claim for unfair competition. (*See* Opp'n at 13-14.) These issues are addressed elsewhere herein and in Defendants' Motion.

Plaintiff's argument is essentially a breach of contract "offends public policy" and therefore is a violation of California's unfair competition law. (Opp'n at 14.) Plaintiff's naked supposition is not a sufficient basis to support a colorable claim for unfair competition. This claim must be dismissed.

**F.     Plaintiff Fails to State a Colorable Claim for Recovery of Funds It Claims Are "Void Liquidated Damages" (Cal. Civ. Code § 1671).**

Plaintiff's lone attempt to save its "void liquidated damages" claim is to argue once it pled the cause of action, the clause it complained of was presumed void and the burden shifted to Defendants to rebut that presumption. (Opp'n at 14.)

But Defendants set forth in detail in their Motion why the provision Plaintiff disputes is not actually a liquidated damages provision. (Mot. Section III.G at 17-18.) Plaintiff fails to respond to this argument, nor can it in any credible way.

For all these reasons, Plaintiff's claim seeking recovery of "void liquidated damages" must be dismissed.

**G.     Plaintiff Fails to State a Colorable Claim for Conversion and/or Civil Theft.**

In its response to Defendants' arguments regarding Plaintiff's conversion claim, Plaintiff focuses entirely on the fact that, under Plaintiff's theory, it has pled "specifically identifiable sums" as required by California law. (Opp'n at 15.) Plaintiff ignores all other aspects of Defendants' arguments.

With regard to the "identifiable sums" issue, Plaintiff cites only "processing revenue and reserve funds" arising from purported (and still unidentified) breach(es) of the Agreement, offering no detail as to the amount of either, nor the total amount allegedly converted. (Opp'n at 15.) In California, a "generalized claim for money [is] not actionable as conversion." *Vu v. California Commerce Club, Inc.*, 68 Cal. Rptr. 2d 31, 34, 8 Cal. App. 4th 229, 235 (1997). A conversion claim must identify a specific, identifiable sum. *See Baxter v. King*, 81 Cal. App. 192, 194, 253 P. 172, 172 (Cal. Ct. App. 1927). "[A] mere contractual right of payment, without more, will not suffice" to support a claim for conversion. *Farmers Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445, 452, 61 Cal. Rptr. 2d 707, 709 (Cal. Ct. App. 1997). "[W]here the money or fund is not identified as a specific thing the action is to be considered as one upon contract or for debt and

-12-

not for conversion." *Baxter*, 81 Cal. App. at 194 (citation omitted). Plaintiff does not address or distinguish these cases in any way. As Defendants have argued, Plaintiff's conversion claim is an attempted improper alternative to its contract claim.

Plaintiff also fails to satisfy the other elements required to properly plead a conversion claim. First, Plaintiff does not plead facts sufficient to establish its right to possession of the property at issue. Second, Plaintiff fails to sufficiently allege a wrongful act on the part of Defendants. (*See* Mot. Section III.D at 14.) Finally, Plaintiff fails to adequately plead damages with regard to this claim. Though Plaintiff does allege a conclusion—Defendants have "caused damage" to Plaintiff—this allegation is wholly insufficient to meet Plaintiff's pleading burden. (SAC ¶ 68.)

As to civil theft, Plaintiff asserts because it pled conversion, all it must do to state a claim for civil theft is allege criminal intent on the part of Defendants. (Opp'n at 16.) As set forth above and in Defendants' Motion, Plaintiff has failed to "successfully" plead a colorable claim for conversion. (*Id.*) Thus, by Plaintiff's own argument, its civil theft claim fails.

Plaintiff's conversion and civil theft claims must be dismissed.

## III.   CONCLUSION

For the foregoing reasons and for the reasons set forth in Defendants' Motion, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint with prejudice should be granted.

1     Dated: May 22, 2017                         POLSINELLI PC

2

3                                     /s/ John W. Peterson
                              By:    John W. Peterson

4                                       Attorney for Defendant, WELLS
                                      FARGO BANK, N.A.

5     Dated: May 22, 2017                         ALPERT LAW GROUP, APC

6

7                                     /s/ Jeffrey Alpert
                              By:    Jeffrey Alpert

8                                       Attorney for Defendant, NATIONAL
                                      MERCHANT CENTER, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

58681923.5

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 22, 2017, a copy of the foregoing document was served via the Court's Electronic Filing System pursuant to Local Rule 5-3.2.1 and via U.S. Mail as follows:

Derek R. Young, Esq.
Kaplan Young & Moll Parron, PLLC
600 Brickell Ave., Suite 1715
Miami, FL 33131

Jeffrey Alpert, Esq.
Alpert Law Group, APC
16133 Ventura Boulevard, Suite 1180
Encino, CA 91436

/s/ John W. Peterson
John W. Peterson