UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01308 JVS (JCGx) | Date | June 9, 2017 |

Title  **Mami Nutraceuticals, LLC v. National Merchant Center, Inc., et al.**

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS)   <u>**Order Granting in Part and Denying in Part Defendants's Motion to Dismiss**</u>

    Defendants Wells Fargo Bank ("Wells Fargo") and National Merchant Center ("NMC") (collectively, "Wells Fargo") moved to dismiss Plaintiff, Mami Nutraceuticals' ("Mami"), Second Amended Complaint ("SAC"). (Mot. to Dismiss, Docket No. 82, 2:3–4.) Mami filed an untimely opposition.[1] (Opp'n, Docket No. 91.) Wells Fargo replied. (Reply, Docket No. 92.)

    For the following reasons, the Court **grants in part** and **denies in part** Defendant's motion.

**I.   Background**

    **A.   Factual Background**

    This case concerns the withholding of Mami's funds by Wells Fargo. In or around October 2012, Mami entered into a credit card processing agreement (the "Agreement") with Wells Fargo. (Agreement, Docket No. 82-3.) At an unspecified date in 2012, Wells Fargo froze and then terminated Mami's accounts. (SAC, Docket No. 78, ¶ 4.) Mami brought this action upon Wells Fargo's failure to provide Mami with remaining funds from the accounts. (<u>See</u> <u>id.</u> ¶ 6.)

---

[1] Although Mami's late filing is consent to the granting of Wells Fargo's Motion, the Court will consider the merits. (<u>See</u> L.R. 7-12) The Court declines to sanction the Plaintiff for failure to comply with Local Rules 11-3-1.1 and 11-8, but expects all future documents to comply with all Federal and Local Rules. The Court also reminds all parties that subscript numbering denoting footnotes should be in the same font size as the body of the document. (<u>See</u> L.R. 11-3-1.1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01308 JVS (JCGx) | Date | June 9, 2017 |
| Title | **Mami Nutraceuticals, LLC v. National Merchant Center, Inc., et al.** | | |

B.      **Procedural Background**

On January 20, 2017, Mami moved to amend.  (Mot. to Amend, Docket No. 71.)  On March 8, 2017, the Court granted this motion to amend.  (Order, Docket No., 77.)  On March 28, 2017, Mami submitted the SAC.  (SAC.)  After receiving an extension to answer the complaint, Wells Fargo moved to dismiss.  (Mot. to Dismiss.)

Wells Fargo now asks the Court to dismiss this action due to failure to state a claim.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if a plaintiff pleaded facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

When resolving a 12(b)(6) motion under Twombly, a court follows a two-step approach. Id. at 679.  First, a court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 677.  Most succinctly stated, a pleading must set forth allegations that have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  Id. (quoting Twombly, 550 U.S. at 555).  "In keeping with these principles[,] a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Iqbal, 556 U.S. at 679.

Second, assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an entitlement to relief."  Id. at 664.  This determination is context-specific, requiring a court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01308 JVS (JCGx) | Date | June 9, 2017 |
| Title | Mami Nutraceuticals, LLC v. National Merchant Center, Inc., et al. | | |

infer more than the mere possibility of misconduct." Id.

### III.   Analysis

### A.   Mami States a Claim for Declaratory Judgement and Equitable Relief

Under Federal Rule 8(a), a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In addition, while it is helpful to attach the contract in a dispute, federal rules of procedure do not require the attachment of a contract at issue to the complaint. See Mortgage Indus. Sol., Inc. v. Collabera, Inc., No. CIV S-10-2636 KJM DAD, 2011 WL 1135907, at *2 (E.D. Cal. Mar. 25, 2011) (citing Downtown Plaza LLC v. Nail Trix, Inc., WL 5099656, at *1 (E.D. Cal. 2008)).

Here, Mami did not attach the contract to the SAC. (See SAC.) However, Mami presents specific sections from the contract that it finds unconscionable. (See, e.g., id. ¶¶ 31, 33, 32.) While Wells Fargo contends that Mami's failure to attach the Agreement did not put Wells Fargo on fair notice, Mami cited to specific clauses and sufficiently pleads its case for declaratory relief. See Twombly, 550 U.S. at 545; (Mot. to Dismiss at 5:17–20; Opp'n at 6:18–19).

#### 1.   Unconscionability

Mami's claim for declaratory judgement rests on a claim of unconscionability. (See SAC.) In California, unconscionability has both a procedural and a substantive element. Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 114 (2000). Procedural unconscionability "addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power." Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev., LLC, 55 Cal. 4th 223, 246 (2012). Substantive unconscionability, on the other hand, is present if the contract terms are "overly harsh" or "one-sided." Id. While both procedural and substantive unconscionability must exist for a contract to be unenforceable, they need not be present to the same degree. Id. at 247. The more substantively oppressive the terms are, the less evidence of procedural unconscionability is required to find that the contract is unenforceable, and vice versa. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01308 JVS (JCGx) | Date | June 9, 2017 |
| Title | Mami Nutraceuticals, LLC v. National Merchant Center, Inc., et al. | | |

Therefore, Mami must establish (1) procedural unconscionability, and (2) substantive unconscionability.

### i. Procedural Unconscionability

Procedural unconscionability requires oppression or surprise. Pinnacle, 55 Cal. 4th at 247. "Oppression" addresses the weaker party's absence of choice and unequal bargaining power that results in "no real negotiation" and an absence of "meaningful choice." A&M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473, 486 (1982).

California Courts are split on interpretations of oppression in procedural unconscionability. In Morris v. Redwood Empire Bancorp, a California Court of Appeal stated, "'the 'oppression' factor of the procedural element of unconscionability may be defeated, if the complaining party has a meaningful choice of reasonably available alternative sources of supply from which to obtain the desired goods and services free of the terms claimed to be unconscionable.'" 27 Cal. Rptr. 3d 797, 807 (Cal. Ct. App. 2005) (citing Dean Witter Reynolds, Inc. v. Superior Court, 259 Cal. Rptr. 789, 798 (Cal. Ct. App. 1989)). In contrast, in Gatton v. T-Mobile USA, Inc., a different California Court of Appeal concluded "that courts are not obligated to enforce highly unfair provisions that undermine important public policies simply because there is some degree of consumer choice in the market." 61 Cal. Rptr. 3d 344, 356 (Cal. Ct. App. 2007). Importantly, in Shroyer v. New Cingular Wireless Servs., Inc., the Ninth Circuit disagreed with the Morris court's analysis of the reasonably available alternative sources. See 498 F.3d 976, 985 (9th Cir. 2007). The court there stated that the Ninth Circuit "consistently follow[s] the [California] courts that reject the notion that the existence of 'marketplace alternatives' bars a finding of procedural unconscionability." Id.

"Surprise" focuses on how clearly a party discloses its terms and the reasonable expectations of the weaker party. Parada v. Superior Court, 176 Cal. App. 4th 1554, 1571 (2009).

"The procedural element of an unconscionable contract generally takes the form of a contract of adhesion, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." Little v. Auto Stiegler, Inc., 29 Cal. 4th 1064, 1071 (2003) (internal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 16-01308 JVS (JCGx)  Date  June 9, 2017

Title  **Mami Nutraceuticals, LLC v. National Merchant Center, Inc., et al.**

quotations omitted). For adhesion contracts, California law allows courts to refuse to enforce a provision it finds unconscionable. See Armendariz, 24 Cal. 4th at 114 (discussing Cal. Civ. Code § 1670.5).

Still, the Morris court states that "recognition of the merchant agreement as an adhesion contract, however, heralds the beginning, not the end, of our inquiry into its enforceability." Morris, 27 Cal. Rptr. 3d at 807. However, the Gatton court states "use of a contract of adhesion establishes a minimal degree of procedural unconscionability notwithstanding the availability of market alternatives." Gatton, 61 Cal. Rptr. 3d at 355–56. In resolving this conflict, under California law, the Ninth Circuit interprets contracts of adhesion as establishing some procedural unconscionability. See Shroyer, 498 F.3d at 985.

Here, Mami pleads that the Agreement is a contract of adhesion. (SAC ¶ 28.) Mami's complaint states that "[b]oth the Application/Agreement and the Program Guide are standardized documents drafted by counter-parties with vastly superior bargaining strength." (Id.) See Pinnacle, 55 Cal. 4th at 264 (oppression focuses on unequal bargaining power). In addition, "Plaintiff later attempted to read through but did not understand the substance or legal import of the Program Guide . . . ." (Id.) According to Mami, "[t]he Application/Agreement and Program Guide relegate Plaintiff only the opportunity to adhere to or reject them." (Id. ¶ 36.) See Little, 29 Cal. 4th at 1071 (contracts of adhesion are procedurally unconscionable). Importantly, "[b]oth the Preface to and the Confirmation Page of the Program Guide's Conformation Page state: NO ALTERATIONS OR STRIKE-OUTS TO THE PROGRAM GUIDE WILL BE ACCEPTED AND, IF MADE, ANY SUCH ALTERATIONS OR STRIKE-OUTS SHALL NOT APPLY." (Id. ¶ 36 (emphasis in original).) These facts equate to an adhesion contract.

Yet, Wells Fargo argues that the Agreement is not procedurally unconscionable. (Memo., Docket No. 82-2, 6:17.) Using Morris, Wells Fargo states that finding the Agreement is a merchant agreement, or an adhesion contract, does not lead to an immediate finding of procedural unconscionability. See Morris, 27 Cal. Rptr. 3d at 807; (See Memo. at 7:4–17.) In particular, Wells Fargo uses Morris to propose that Mami had other marketplace options and that little or no case for oppression exists. See Morris, 27 Cal. Rptr. 3d at 807; (See Memo. at 7:13–14.) While Wells Fargo does correctly state the findings from Morris, this Court follows the standard set forth by the Ninth Circuit in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01308 JVS (JCGx) | Date | June 9, 2017 |
| Title | Mami Nutraceuticals, LLC v. National Merchant Center, Inc., et al. | | |

Schroyer. See Shroyer, 498 F.3d at 985. In Schroyer, the Ninth Circuit found that it has "consistently followed the [California] courts that reject the notion that the existence of 'marketplace alternatives' bars a finding of procedural unconscionability." Id. Thus, in this case, availability of other marketplace options does not bar this Court from finding procedural unconscionability. Moreover, regardless of the marketplace alternatives, a finding of an adhesion contract in the Agreement sufficiently establishes a minimal degree of procedural unconscionability. See Gatton, 61 Cal. Rptr. 3d at 355–56.

In conclusion, Mami adequately pleads some procedural unconscionability.

### ii.   Substantive Unconscionability

"Substantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided. A contract term is not substantively unconscionable when it merely gives one side a greater benefit; rather, the term must be so one-sided as to 'shock the conscience.'" Pinnacle, 55 Cal. 4th at 246 (citations and quotations omitted).

In this case, Mami pleads that sections 18.3, 18.5, and 23.2 are harsh terms intended to "shock the conscience." See id.; (See SAC ¶¶ 31, 32, 33.) Mami pleads that "under section 18.3, Defendants, *without notice*, may unilaterally increase the discount rate and transactional fees if Plaintiff's actual transaction volume or average transaction size is not as 'expected.'" (See id. ¶ 31 (emphasis in original).) In addition, "[u]nder section 18.5, Defendants may unilaterally increase their fees for *any reason* with 20 days' notice." (Id. ¶ 32 (emphasis in original).) Also, "[u]der section 23.2, Defendants may terminate the Agreement at any time for any reason by providing 30 days' advance notice." (Id. ¶ 33.) These allegations state a claim for an overly one-sided adhesion contract. While under some of these provisions Mami has the opportunity to terminate the contract, the unilateral power of Wells Fargo to decide when and why to change the terms of the contract may "shock the conscience." See Pinnacle, 55 Cal. 4th at 246 (citations and quotations omitted). Therefore, because Mami pleads that Wells Fargo has the power to unilaterally terminate the contract, Mami adequately alleges substantive unconscionability.

"California courts apply a 'sliding scale,' so that 'the more substantively

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 16-01308 JVS (JCGx)                         Date   June 9, 2017

Title   **Mami Nutraceuticals, LLC v. National Merchant Center, Inc., et al.**

oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.'" Shroyer, 498 F.3d at 981–82 (quoting Armendariz 24 Cal. 4th at 114). Here, the Agreement is a contract of adhesion, which provides Mami with some minimal procedural unconscionability. In addition, under the terms of the Agreement, Wells Fargo may unilaterally change the terms or terminate the contract at will allowing for a finding of substantive unconscionability. (See Agreement at Sects. 18.3, 18.5, 23.3.) Thus, upon balancing, the overwhelming nature of the substantive unconscionability and the existence of procedural unconscionability allows for the Court to find the existence of a claim for unconscionability. See Armendariz 24 Cal. 4th at 114.

**B.     Mami States a Claim for Breach of Contract**

A breach of contract claim requires "(1) a contract; (2) its performance or excuse for nonperformance; (3) breach; and (4) damages." Stockton Mortg., Inc. v. Tope, 233 Cal. App. 4th 437, 453 (2014).

Here, neither party disputes the existence of a contract. (See Reply at 9:1–2.) While the parties dispute the validity of certain clauses, they do not dispute that they entered into a contract on October 19, 2012. (See Agreement.) Mami alleges that they performed all substantial requirement of the Agreement and that, at some unspecified time, Wells Fargo terminated the Agreement. (See SAC ¶¶ 4, 58.) Mami pleads that Wells Fargo breached the contract by, among other things: (1) refusing to provide the amount remaining in the accounts and (2) failing to transfer to Mami any remaining funds from Mami's accounts. (See id. at ¶ 60.)

While Mami claims it does not know the exact amount of damages due to Wells Fargo' failure to provide accounting of accounts, Mami alleges damages of over $500,000. (See id. ¶¶ 5, 60.) Wells Fargo claims that the Agreement states no requirement for providing an accounting to Mami of the balance in their accounts. (See Memo. at 11:20–12:2.) Moreover, Wells Fargo states that Mami has knowledge from their own accounting of the expected balance in these accounts. (See id.) The Court agrees with Wells Fargo. Thus, Wells Fargo correctly states that the Agreement contains no provisions requiring Wells Fargo to provide an accounting to Mami, which makes Mami's breach claim on this theory unsustainable. (See id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01308 JVS (JCGx) | Date | June 9, 2017 |
| Title | **Mami Nutraceuticals, LLC v. National Merchant Center, Inc., et al.** | | |

Still, Mami has a claim for the failure to transfer funds held in accounts because Wells Fargo may be holding remaining funds beyond what is reasonably allowed in the Agreement. (See SAC ¶¶ 5, 60.) The Agreement allows Wells Fargo to hold the funds in any reserve accounts for no less than ten months. (See Agreement at Sect. 24.2.) Still, holding the funds for greater than four years may be a breach of contract.

Mami pleads each requirement of a breach of contract claim with allegations that state a claim upon which relief may be granted and the pleadings "plausibly give rise to an entitlement of relief." See Iqbal, 556 U.S. at 664. Thus, Mami states a claim for a breach of contract.

**C.    Mami states a Claim for Breach of Implied Covenant of Good Faith and Fair Dealing**

Every contract includes a covenant of good faith and fair dealing. Foley v. Interactive Data Corp., 47 Cal. 3d 654, 684 (1988). The precise nature and extent of the covenant depends on the contract. Id. Allegations for breach of the covenant must show "a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act[.]" Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1395 (Ct. App. 1990). Such a breach must unfairly frustrate the Agreement's common purpose and deprive the other party of the contract's benefits. Id. But a claim for breach of the implied covenant is superfluous if it merely restates the claim for breach of contract. Zepeda v. PayPal, Inc., 777 F. Supp. 2d 1215, 1221 (N.D. Cal. 2011).

The covenant applies "where one party is invested with a discretionary power affecting the rights of another." Carma Developers (Cal.), Inc. v. Marathon Dev. Cali., Inc., 2 Cal. 4th 342, 372 (1992). In such a case, the covenant requires that the party with discretion exercise its power in good faith. Id. At the same time, the covenant cannot "prohibit a party from doing that which is expressly permitted by an agreement . . . [because] implied terms should never be read to vary express terms." Id. at 374.

For instance, Carma rejected a claim for breach of the implied covenant when a lease agreement gave the landlord discretion to terminate the lease. Id. at 373–74.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01308 JVS (JCGx) | Date | June 9, 2017 |
| Title | **Mami Nutraceuticals, LLC v. National Merchant Center, Inc., et al.** | | |

Likewise, Wolf v. Walt Disney Pictures & Television, found no breach when Disney executed promotional agreements for which it received no monetary consideration — thus depriving the plaintiff of financial benefits. 162 Cal. App. 4th 1107, 1121 (2008). "The question was not what Disney did, but whether it was authorized by the parties' agreements to do it." Id. Because Disney had "unfettered discretion," the plaintiff could not limit that discretion by a claim for breach of the implied covenant. Id.

Here, Mami alleges that Wells Fargo breached the implied covenant of good faith and fair dealing through Wells Fargo's performance and enforcement of the Agreement. (SAC ¶ 70.) In the Motion, Wells Fargo claims that the express terms do not give rise to a breach of implied covenant and that Mami's claim is superfluous. (See Mot. to Dismiss at 15:14–17.)

Wells Fargo is correct that some of Mami's allegations for breach of the implied covenant are identical to its allegations in its breach of contract claim. However, Mami's claims that: (1) Wells Fargo exercised its discretion arbitrarily and unfairly, (2) Wells Fargo attempted to circumvent or violate the rules of the Visa and MasterCard Associations ("Association Rules"), and (3) Wells Fargo's failure to adequately perform an investigation before terminating the Agreement give rise to an independent claim for breach of the implied covenant. (SAC ¶ 72.) Under California law, Wells Fargo needed to act within good faith when using their discretionary power if it affected the rights of other parties under the Agreement. See Carma Developers, 2 Cal. 4th at 372. Mami's specific pleadings, outlined above, detail allegations of times where Wells Fargo did not act with good faith. (See SAC ¶ 72.)

While Wells Fargo claims that the Agreement does not give rise to a claim for breach of the implied covenant, Mami alleges that Wells Fargo exercised discretion in an arbitrary and unfair manner. (See Id. ¶ 70, 72.) In particular, Wells Fargo fails to realize that one of Mami's claims arises under the Association Rules, which govern the Agreement. (SAC ¶ 72.) Thus, they are inherently and expressly part of the Agreement, and the pleadings allege a situation where Wells Fargo unfairly frustrated the common purpose of the Agreement. (Agreement at Part 1 (outlining the Association Rules); SAC ¶ 72.) These allegations state a claim that Wells Fargo unfairly frustrated the Agreement's common purpose and deprived Mami of the contract's benefits. Careau, 222 Cal. App. 3d at 1395.

9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01308 JVS (JCGx) | Date | June 9, 2017 |
| Title | **Mami Nutraceuticals, LLC v. National Merchant Center, Inc., et al.** | | |

In sum, Mami has stated a claim for breach of the implied covenant of good faith and fair dealing that is not superfluous to their breach of contract claim and is within the Agreement's terms.

**D.    Mami Does Not State a Claim for Conversion**

"The elements of conversion are: '(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages.'" Romero v. Securus Techs., Inc, 216 F. Supp. 3d 1078, 1094 (S.D. Cal. 2016) (quoting Welco Elecs., Inc v. Mora, 166 Cal. Rptr. 3d 877 (Cal. Ct. App. 2014)). "California cases permitting an action for conversion of money typically involve those who have misappropriated, commingled, or misapplied specific funds held for the benefit of others." PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384, 396 (2007).

In cases focused on the conversion of money, money cannot be converted unless it is a specific, identifiable sum. See Baxter v. King, 23 P. 172, 172 (Cal. Dist. Ct. App. 1927). However, it unnecessary to identify every dollar earmarked for an account. See Haigler v. Donnelly, 117 P.2d 331, 335 (Cal. 1941). "A broker or agent is ordinarily liable for converting the funds of his principal when he refuses to account for them upon proper demand." Id. (internal citations omitted).

In the complaint, Mami alleges that: (1) Wells Fargo misappropriated Mami's funds by withholding revenue and reserve funds beyond Wells Fargo's contractual right, (2) Wells Fargo failed to properly account for Mami's accounts, and (3) Wells Fargo failed to provide Mami with access to their accounts. (Id. ¶ 63.) Under PCO, a plaintiff should focus on misappropriated, commingled, or misapplied funds in their complaint for conversion. See PCO, 150 Cal. App. 4th at 396. Thus, Mami's claim for conversion arises from its assertion that Wells Fargo misappropriated the funds by not returning the remaining balance in Mami's accounts after Wells Fargo's contractual rights had expired

Mami claims ownership over the balance in its accounts in excess of $500,000. (SAC ¶ 5.) Wells Fargo has yet to clarify the amount of money remaining in the accounts. (See Mot. to Dismiss at 19:19–23.) Additionally, Wells Fargo implies that the money is commingled in a general account in accordance with the Agreement. (See id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01308 JVS (JCGx) | Date | June 9, 2017 |
| Title | Mami Nutraceuticals, LLC v. National Merchant Center, Inc., et al. | | |

Under normal circumstances, the agent is liable for conversion of funds if it refuses to account for the funds upon the principal's proper demand. See Haigler, 117 P.2d at 335 (internal citations omitted). However, in accordance with Section 9.1, 9.2, and 9.3 of the Agreement, Mami is responsible for an accounting of their income. (See Agreement at Sects. 9.1–9.3.) Thus, Mami should have approximate knowledge of the money remaining in their accounts. While Mami may not have the necessary knowledge to account for a precise and accurate amount remaining in their accounts, "it is not necessary that each coin or bill be earmarked" in the account. See Haigler, 117 P.2d at 335. In this case, stating the amount withheld as over $500,000 does not properly plead a specific dollar amount under Baxter or Haigler. See Haigler, 117 P.2d at 335; Baxter, 117 P. at 172. Because Mami does not identify a specific, identifiable, reasonable amount they believe remains in the accounts, the conversion claim must be dismissed.

In sum, Mami does not state a claim for conversion under which relief may be granted.

**E.      Mami States a Claim for Unfair Competition Under California's Unfair Competition Law**

California's Unfair Competition Law prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Levitt v. Yelp! Inc., 765 F.3d 1123, 1129–30 (9th Cir. 2014) (quoting Cal. Bus. & Prof. Code § 17200). The law "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." Id.; Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).

Here, Mami claims § 17200 prohibits Wells Fargo's actions because Wells Fargo acted fraudulently. (See SAC ¶ 76.) Mami reiterates theories previously raised and one new one as the basis for this fraud, including: (1) intentional conversion of Mami's property, (2) unconscionable contracting intended to defraud and deceive customers, and (3) fraudulent and unfair business practices. (See id.) The first theory reiterates the conversion argument previously made by Mami. It goes on to allege unfair competition under § 17200, since the withholding of funds for more than 4 years is an unfair business act. The second theory makes an argument for fraud and it is supported by other statements in the complaint. (See, e.g., SAC ¶¶ 25, 30, 31, 34.) The final theory is too vague because Mami does not state specifically what claims are fraudulent and the claim

Case 8:16-cv-01308-JVS-JCG Document 98 Filed 06/09/17 Page 12 of 14 Page ID #:693

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 16-01308 JVS (JCGx)                            Date   June 9, 2017

Title   **Mami Nutraceuticals, LLC v. National Merchant Center, Inc., et al.**

collapses into the defrauding and deceiving of customers outlined in the second theory. However, the other two theories provide sufficient allegations to allow for Mami to state a claim for unfair competition under California Unfair Competition law. See Levitt, 765 F.3d at 1129–30.

In sum, Mami states a claim for unfair competition under California law upon which relief can be granted.

**F.   Mami's Claims for Recovery of Liquid Damages and Civil Theft are Dismissed**

Both of Mami's claims described below are dismissed as they do not state a claim upon which relief can be granted. The recovery of liquid damages claim should collapse into another count as it cannot sustain a recovery of assets on its own. The civil theft claim cannot be brought as the parties have agreed to a California choice-of-law provision.

**1.   Mami's Claim for Recovery of Liquid Damages is Not an Independent Claim and Must be Dismissed**

In this case, the liquid damage provisions are not an independent claim as they do not state a claim upon which relief may be granted. (See Mot. to Dismiss at 19:6–8.) Mami's attempt to argue that the liquid damage provisions are void is not a claim in itself and is an argument related to the Agreement's validity. Therefore, the Court dismisses the claim but Mami may submit the argument later in litigation. The substance is adequately preserved in the remaining claims.

**2.   Mami's Claim for Civil Theft is Not Based in California Law Under the Choice-of-Law Clause and Must Be Dismissed**

Both parties "agreed to govern and construe the Agreement in accordance with the laws of the State of California." (Agreement at Sect. 31.1.) However, Mami brought a Florida law claim. (SAC at ¶ 88.)

In general, courts have found that choice-of-law clauses are valid where the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01308 JVS (JCGx) | Date | June 9, 2017 |
| Title | Mami Nutraceuticals, LLC v. National Merchant Center, Inc., et al. | | |

contract's terms are sent to the consumer after purchase and not objected to within a specified period. For instance, in Carnival Cruise Lines, Inc. v. Shute, two passengers purchased tickets for a seven-day cruise. 499 U.S. 585, 587 (1991). The cruise line mailed the passengers their tickets, which included a forum-selection clause. Id. The Court held that economic realities rendered the clause enforceable: "[c]ommon sense dictates that a ticket of this kind will be a form contract the terms of which are not subject to negotiation, and that an individual purchasing the ticket will not have bargaining parity with the cruise line." Id. at 593.

Here, Mami argues that the choice-of-law provision cannot apply to its tort claims.[2] But "forum selection clauses can be equally applicable to contractual and tort causes of action." Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 514 (9th Cir. 1988). "Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." Id. Here, Mami's tort claims require contract interpretation because Mami alleges that Wells Fargo withheld Mami's funds in violation of Mami's contractual rights. See id. ("The claims cannot be adjudicated without analyzing whether the parties were in compliance with the contract.").

Although it is disputed as to when Mami received the entire Agreement, Mami did receive the Agreement and was put on notice by the Agreement of the choice-of-law provision. (See Agreement at Sect. 31.1.) Furthermore Mami pleads the existence of a valid contract. (See SAC ¶ 58.) Therefore, the choice of law provision is valid because Mami has received appropriate notice of the provision.

In sum, Mami cannot bring a claim for civil theft under Florida law when the choice-of-law provision dictates the use of California law. Thus, the claim is dismissed.

## IV.   Conclusion

The Court concludes that Wells Fargo's motion to dismiss is granted in part and denied in part. Mami's claims for declaratory judgement, breach of contract, breach of

---

[2] Mami relies on Shannon-Vail Five, Inc v. Bunch to support application of Florida law for this claim; however, Shannon-Vail is not a choice-of-law clause case. See 270 F.3d 1207, 1209 (9th Cir. 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01308 JVS (JCGx) | Date | June 9, 2017 |
| Title | **Mami Nutraceuticals, LLC v. National Merchant Center, Inc., et al.** | | |

implied covenant of good faith and fair dealing, and unfair competition state a claim upon which relief can be granted. Mami's claims for recovery of conversion, liquid damages, and civil theft do not state claims upon which relief can be granted.


      For the foregoing reasons, the Court **grants in part** and **denies in part** Defendant's motion. Mami is granted leave to replead the conversion claim within fifteen days.

|  |  | 0 | : | 0 |
|---|---|---|---|---|
|  | Initials of Preparer | kjt |  |  |