1  Katy M. Young, Esq. (SBN 267791)
   Trina M. Clayton, Esq. (SBN 204215)
2  **AD ASTRA LAW GROUP, LLP**
   582 Market Street, 17th Floor
3  San Francisco, CA 94104
   Telephone: (415) 795-3579
4  Facsimile: (415) 276-1976
   kyoung@astralegal.com
5  tclayton@astralegal.com

6  Derek R. Young, Esq., (FBN 45227 *PHV*)
   **KAPLAN YOUNG & MOLL PARRÓN PLLC**
7  600 Brickell Avenue, Suite 1715
   Miami, FL  33131
8  Tel: (305) 531-2424
   Fax: (305) 531-2405
9  dyoung@pymblaw.com

10 Attorneys for Plaintiff
   MAMI NUTRACEUTICALS, LLC
11

12                UNITED STATES DISTRICT COURT

13         CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

14

15 MAMI NUTRACEUTICALS, LLC,            CASE NO.:   8:16-cv-01308 JVS JCGx

16         Plaintiff,                   **PLAINTIFF'S RESPONSE TO SHOW
                                        CAUSE ORDER**
17     v.

18 NATIONAL MERCHANT CENTER, INC., et
   al.,
19
           Defendants.
20

21

22

23

24

25

26

27

28

Plaintiff, Mami Nutraceuticals, LLC, hereby responds to the Court's June 5, 2017 Show Cause Order (the "Order") (ECF 96) as follows:

### *Plaintiff Has Now Complied With All Court Orders*

With the filing of this Response, Plaintiff has complied with this Court's orders. Pursuant to the Court's instructions in the Order, Plaintiff conferred with Defendants' counsel and facilitated the completion of the Presumptive Schedule of Pretrial Dates (ECF 99). With the filing of this Response, Plaintiff has complied with all outstanding Court orders.

### *Plaintiff Is Prosecuting Its Case*

There has not been a lack of prosecution in this case. Nor has Plaintiff exhibited any intentionally dilatory conduct or otherwise conducted itself in bad faith. Despite its limited resources and to its great disadvantage, Plaintiff expedited the prosecution of this case by avoiding venue litigation and agreeing to stipulate to the transfer of this case from Florida (where Plaintiff's principal resides) to California (the nerve center for both Defendants). Consequently, Plaintiff was required to retain local counsel. And since transfer, Plaintiff has hired two separate firms to act as local counsel and is now required to retain a third to replace Ad Astra Law Group ("Local Counsel"). Due to no fault of its own, Plaintiff was compelled to replace its first counsel for several reasons that will not be addressed on this record.

Plaintiff's current Local Counsel, moreover, informed Plaintiff over a month ago that she, too, needed to withdraw. The factors necessitating Local Counsel's need to withdraw are legitimate.[1] Given the Motion to Dismiss that was pending at the time, as well as Plaintiff's counsel's dependence on Local Counsel, Plaintiff requested that Local Counsel remain in the case until the Court ruled on the Motion to Dismiss and Plaintiff located a willing and qualified

---

[1] After replacing its predecessor in this case, Local Counsel has been critical in Plaintiff's representation and exceeded Plaintiff's and its counsel's service expectations. Local Counsel's need to withdraw, however, is necessitated by legitimate reasons, which Plaintiff recognizes, including a family matter that is not appropriate to document in this filing.

replacement. Local Counsel courteously obliged the request. In the interim, the Court issued its order on the Motion to Dismiss (ECF 98), illuminating the propriety of Plaintiff's previous request to amend and the necessity and thoroughness of the work performed in drafting the Amended Complaint and defending against Defendants' attempt to dismiss it after the case was transferred to this Court.[2]

To comply with the Court's order on Defendants' Motion to Dismiss, Plaintiff will amend its Complaint this week in order to replead its conversion claims. Plaintiff is finalizing its initial disclosures, which it will serve following the June 19 hearing. To further expedite the prosecution of this case, Plaintiff has completed extensive, proportional discovery requests, which Plaintiff will serve on June 19th. Finally, Plaintiff intends to have a replacement for Local Counsel retained and prepared to appear prior to the June 19 hearing.

### *Plaintiff's Counsel Is Responsible for Failure to Appear*

The undersigned accepts responsibility for the miscommunication that resulted in Plaintiff's absence from the June 5, 2017 hearing. While the absence was in no way intentional, it could have been prevented by proper coordination and better communication with Local Counsel. That responsibility falls on lead counsel – the undersigned – and no one else. Counsel understands his duties to the Court and the professional courtesy he owes to his fellow counsel to ensure the docket is properly monitored and hearings attended. Pursuant to the Court's Order, Plaintiff's counsel will travel from Florida at his own expense and personally attend the June 19 hearing to apologize to the

---

[2] Plaintiff originally initiated an action ("predecessor action") against Defendants in Florida state court asserting claims grounded in Florida law. In the predecessor action, Defendants adopted that choice of law and did not challenge venue. When Plaintiff re-filed its case in this action, it again asserted claims grounded in Florida law. It was not until Defendants changed their position on choice of law and Plaintiff agreed to transfer venue to California that Plaintiff was compelled to research and confirm the factual and legal bases of its claims under California law. Plaintiff essentially started from scratch, spending considerable time and effort researching California law and confirming adequate factual bases and legal authority to support its Amended Complaint. The net result of Plaintiff's approach and work was to expedite the prosecution of this action and put before the Court cognizable claims allowing the Parties to move forward with discovery.

Court and opposing counsel for wasting their time. As an officer and permitted guest of this Court, candor compels the undersigned to acknowledge that sanctions would be warranted here. Concurrent with the filing of this Response, Plaintiff's Counsel will offer to reimburse Defendants' counsel for the expenses unnecessarily incurred in attending the June 5 hearing.

Dated:  June 12, 2017

Respectfully submitted,

**KAPLAN YOUNG & MOLL PARRÓN PLLC**
*Attorneys for Plaintiff, Mami Nutraceuticals, LLC*
Brickell World Plaza
600 Brickell Avenue
Suite 1715
Miami, Florida 33131
Tel:  (305) 531-2424
Fax: (305) 531-2405

By:/s/ *Derek R. Young*
Derek R. Young, Esq.
Fla. Bar No.: 45227
*dyoung@kymplaw.com*

**PROOF OF SERVICE**

Pursuant to L.R. 5-3.2.1, I hereby certify that a true and accurate copy of the above and foregoing has been furnished to those parties registered to receive service via CM/ECF, on this 12th day of June, 2017.

/s/ *Derek R. Young*
Derek R. Young, Esq.