Jeffrey Alpert, Esq., SBN 165997
Dean Asher, Esq., SBN 248084
ALPERT LAW GROUP, APC
16133 Ventura Boulevard, Suite 1180
Encino, California 91436
Telephone: (818) 285-5370
Facsimile: (818) 285-5371
Email: jeff@alpertlawgroup.com

Attorneys for Defendant, National Merchant Center, Inc.

POLSINELLI PC
JOHN W. PETERSON (SBN: 26136)
john.peterson@polsinelli.com
401 Commerce Street, Suite 900
Nashville, TN 37219
Telephone: (615) 259-1510
Facsimile: (615) 259-1573

Attorney for Defendant Wells Fargo Bank, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAMI NUTRACEUTICALS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL MERCHANT CENTER, INC., et al,<br><br>Defendants. | Case No.: 8:16-cv-01308<br><br>**DEFENDANTS' WELLS FARGO N.A. AND NATIONAL MERCHANT CENTER INC.'S JOINT REPORT ON SETTLEMENT** |

**PRELIMINARY STATEMENT**

Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and National Merchant Center, Inc. ("NMC"), pursuant to this Court's Order Setting Case Management Dates (ECF No. 102), hereby make the following report on settlement discussions:

Once again, Plaintiff has not taken any action to prosecute this case and has not engaged in any settlement discussions of any kind having gone silent over the past six (6) months. Indeed, Defendants have not heard from Plaintiff since June 12,

2017, when Plaintiff filed its Response (ECF No. 101) to the Court's June 5, 2017 Show Cause Order (ECF No. 96). In that Response, Plaintiff stated:

(1) "[t]here has not been a lack of prosecution in this case[;]"

(2) "Plaintiff's current Local Counsel . . . needed to withdraw[;]"

(3) "Plaintiff [would] amend its Complaint this week in order to replead its conversion claims[;]"

(4) "Plaintiff is finalizing its initial disclosures, which it will serve following the June 19 hearing[;]"

(5) "[t]o further expedite the prosecution of this case, Plaintiff has completed extensive, proportional discovery requests, which Plaintiff will serve on June 19th[;]" and "Plaintiff intends to have a replacement for Local Counsel retained and prepared to appear prior to the June 19 hearing." (ECF No. 101.)

Since the filing of the Response to the Show Cause Order, Plaintiff has wholly failed to prosecute this action. Despite Plaintiff's affirmative representations to this Court to the contrary:

(1) New local counsel for Plaintiff has not appeared;

(2) Plaintiff did not amend its Complaint;

(3) Plaintiff has not served initial disclosures; and

(4) Plaintiff has not served discovery requests.

In short, Plaintiff has taken absolutely no action over the past six (6) months in this case it initiated and which has forced Defendants to incur significant costs defending.

This Court has previously warned Plaintiff about the consequences of failing to prosecute this action. In its first Show Cause Order (ECF No. 44 (Aug. 18, 2016), the Court threatened to dismiss this action unless within ten (10) days Plaintiff showed cause why the case should not be dismissed or filed an omnibus response to the motions to dismiss Defendants had filed over three (3) months earlier, on May 6, 2016. Plaintiff's August 29, 2016 Response to the first Show Cause Order did not

provide the omnibus response to the motions to dismiss, nor did it explain why an omnibus response had not been filed. Instead Plaintiff claimed confusion about counsel's permission to practice before this Court and suggested Plaintiff needed to retain new local counsel (who, as set forth above, has now withdrawn without replacement).

Despite not having established good cause or timely filing an omnibus response, on September 28, 2016, the Court awarded Plaintiff thirty (30) days to file an omnibus response to the motions to dismiss, file a motion for leave to amend, or dismiss the action with prejudice, but warned that if Plaintiff "fail[ed] to act, the Court [would] likely dismiss the action sua sponte for failure to prosecute. The Court will not permit this action to simply lie dormant." (ECF No. 59 (emphasis added).)

Unfortunately, that is exactly what has happened. Plaintiff has again allowed this case to "simply lie dormant", now for the past six (6) months.

Defendants therefore request this Court dismiss with action with prejudice consistent with its prior warnings to Plaintiff.

Dated: December 22, 2017               ALPERT LAW GROUP, APC

                                       /s/ Jeffrey Alpert
                                   By: Jeffrey Alpert
                                       Attorney for Defendant,
                                       National Merchant Center, Inc.


Dated: December 22, 2017               POLSINELLI PC

                                       /s/ John W. Peterson
                                   By: John W. Peterson
                                       Attorney for Defendant,
                                       Wells Fargo Bank, N.A.

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA )
) ss.:
COUNTY OF LOS ANGELES )

*MAMI NUTRACEUTICALS,LLC, v. NATIONAL MERCHANT CENTER, INC,, et al., USDC CASE NUMBER* 8:16-cv-01308

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 16133 Ventura Blvd., Suite 1180, Encino, CA 91436.

On December 22, 2017, I served the within document(s) described as:

**DEFENDANTS' WELLS FARGO N.A. AND NATIONAL MERCHANT CENTER INC.'S JOINT REPORT ON SETTLEMENT**

on the interested parties in this action as stated below:

| **Derek R. Young, Esq.**<br>**Kaplan Young & Moll Parron, PLLC**<br>**600 Brickell Ave., Suite 1715**<br>**Miami, FL 33131** | **John Peterson**<br>**Polsinelli LLP**<br>**2049 Century Park East Suite 2900**<br>**Los Angeles, CA 90067** |
|---|---|

__XXX__ (CM/ECF) Pursuant to the United States District Court Procedural Rules for Electronic Case Filing and the Case Management/Electronic Case Filing Rules, I electronically served the above-listed documents on the parties shown above for the above-entitled case, as listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| Veronica Garcia | /s/ Veronica Garcia |
|---|---|
| (Type or print name) | (Signature) |